IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 9-309 |
| v. | ) | CV 14-233 |
| EDISON D. MCLELLAN | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to one count of receiving material depicting the sexual exploitation of a child, in violation of 18 U.S.C.§ 2252(a)(2). On February 23, 2012, Defendant was sentenced to a term of 180 months imprisonment, followed by a life term of supervised release. His conviction and sentence were affirmed on appeal. Before the Court is Defendant's Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255.[1] In brief, Defendant's Motion primarily rests on his claim that he was unaware, until the plea hearing, that the plea agreement provided for a life term of supervised release. Also pending are his Motion to Appoint Counsel and a Motion for Evidentiary Hearing. For the following reasons, the Defendant's Motions will be denied, and no certificate of appealability shall issue.

**OPINION**

**I.    APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A

---

[1] This matter was reassigned to me on February 23, 2016; Judge Cercone presided over earlier proceedings.

1

district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.[2]

## II. WAIVER

I first address the Government's contention that Defendant, in his plea agreement, waived his collateral attack rights.

Generally, in this Circuit, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008). Claims challenging the voluntariness of a collateral attack waiver, or the effectiveness of counsel with respect to the waiver itself, may survive the waiver. United States v. Whitaker, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

Presently, Defendant does not make any claim that relates specifically to the collateral attack waiver itself. The plea letter that he signed, and his counsel signed, contained the following provision:

---

[2] Moreover, given this disposition and the substance of Defendant's Motions, the interests of justice do not require the appointment of counsel. Accordingly, Defendant's Motion for the appointment of counsel will be denied.

> Edison McLellan further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Further, Defendant's words and actions at the plea hearing belie his contentions. At the plea hearing on September 6, 2011, counsel for the Government read the terms of the plea agreement, including the collateral attack waiver, into the record. The following exchanges occurred:

> COURT: And Mr. McClellan, do you agree that the government correctly stated the agreement as you understand it to be?
>
> DEFENDANT: Yes, sir.
> ***
>
> COURT: Furthermore, according to the terms of the plea agreement, you are waiving your right to file a motion to vacate sentence under Title 28, United States Code, 2255, attacking your conviction or sentence, and the right to file any other collateral proceeding attacking either your conviction or sentence. Do you understand that?
>
> DEFENDANT: Yes, your honor.
> ***
>
> COURT: Is it a fair and accurate statement that your plea of guilty is the product of your free and rational choice?
>
> DEFENDANT: Yes, sir.

Also at the hearing, counsel for the Government read into the record the portion of the plea agreement in which Defendant agreed to a term of supervised release not less than five years and up to life. Furthermore, the Court advised Defendant as follows:

> COURT: [T]her term of imprisonment in this case is not less than 15 years, nor more than 40 years…and a term of supervised release of not less than five years, up to life….Do you understand the statutory penalties, sir?
>
> DEFENDANT: Yes, your honor.
> ***
> COURT: [The Court then explained what the term "supervised release" means, and what supervised release entails.] You understand that?

DEFENDANT: Yes, sir.

According to Defendant, at the plea hearing, after signing the plea agreement, Defendant noticed that the agreement newly provided for a life term of supervised release. Defendant avers that he then immediately confronted counsel, who interrupted the court proceeding to speak with Defendant. Also according to Defendant, counsel then advised Defendant that it was the best he could do, and that Defendant would lose the benefit of his 5K1 by objecting. At the point in the hearing transcript to which Defendant points, a discussion was held off the record. Subsequently, the record resumed and Defendant affirmed his desire to plead guilty in accordance with the signed agreement. Again, at no time did he apprise the Court that he had any concerns about any aspect of the plea agreement or counsel's performance. To the contrary, as set forth supra, Defendant agreed that the Government correctly stated the agreement – including both the supervised release and collateral attack provisions -- as he understood it. In sum, the plea hearing reflects, and the Court found, that Defendant acted knowingly and voluntarily. Defendant has proffered no grounds that would justify invalidating his collateral attack waiver.

I will, however, also look to whether enforcing the waiver would work a miscarriage of justice. In so doing, I am to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Mabry, 536 F. 3d 231, 242 (3d Cir. 2008) (quoting United States v. Teeter, 257 F. 3d 14, 25-26 (1st Cir. 2001)). Courts are to apply the miscarriage of justice exception "sparingly and without undue generosity." United

States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Teeter, 257 F.3d at 26). Considering these factors, and all of the attendant circumstances, I find that enforcing the waiver does not work a miscarriage of justice. For example, the alleged errors are far from clear. Moreover, Defendant acquiesced entirely in the result and did so on the record, the alleged errors do not relate to the validity of the underlying conviction for the crime charged, and invalidating the plea would have a significant impact on the Government. In sum, there are no grounds for invalidating the waiver as working a miscarriage of justice.

### III. DEFENDANT'S MOTIONS

#### A. Section 2255

Even if Defendant had not waived his right to file a motion to vacate, however, his petition would be denied on substantive grounds. Defendant first contends that Government counsel solicited defense counsel's cooperation to change the terms of the plea agreement without Defendant's knowledge or approval. In particular, Defendant avers that the plea provided for lifetime supervised release, which was not contained in the plea to which he initially agreed.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). To prevail under Strickland, a defendant must show that counsel's performance fell below "the wide range of

professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687.

In support of his contentions, Defendant points to purported changes in the date and supervised release term of the plea agreement. I accept, for present purposes, Defendant's contentions that his plea agreement bore a later date than the one initially accepted, and also added the possibility of a life term of supervised release. Even in light of those facts, it remains that Defendant proceeded to acknowledge the veracity of the agreement, assent to its terms, and enter his plea, after he became aware of the alleged changes and discussed them with counsel. A finding of prejudice would in turn depend on a finding that the outcome would have been different had counsel earlier advised Defendant of the possibility of a life term of supervised release. Here, even assuming that Defendant was misinformed in any way prior to the plea proceeding, he was fully aware of the terms of his agreement when he advised the Court, without reservation, of his willingness to accept those terms. Defendant cannot plausibly claim that he would not have pleaded had he known of the possibility of a life term; he asserts that he did know prior to pleading, and still he entered a plea. In other words, he cannot demonstrate the sort of prejudice contemplated by Strickland.

Defendant also contends that counsel was ineffective in failing to investigate certain factual evidence relevant to sentencing, in pursuing a two-level downward departure, and in failing to challenge a two-level enhancement. He suggests that counsel told him that he would make the arguments at sentencing, which "contributed to" Defendant's accepting the plea. Even if he had not waived the right to assert this claims, Defendant's conclusory averments do not establish either deficient performance or prejudice, as required by Strickland.

**2. Breach of Plea Agreement**

In addition to his Section 2255 petition, on January 7, 2016, Defendant filed a Motion seeking an evidentiary hearing regarding the Government's alleged breach of the plea agreement. To the extent that Defendant claims breach of a plea agreement in order to challenge the legality of his conviction and sentence, such a claim is properly raised via Section 2255. Ryan v. Scism, 445 Fed. Appx. 580, 583 (3d Cir. 2011). Accordingly, as discussed supra, his right to raise that argument has been waived. Furthermore, the Court afforded Defendant an opportunity to raise all of his Section 2255 claims, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Defendant opted to amend his Section 2255 motion, and did so on August 29, 2014, and November 16, 2015. In addition to the waiver issue, therefore, it is possible that his present request would be deemed time-barred, or as an impermissible second or successive Section 2255 Motion. See 18 U.S.C. § 2255(f), (h).

Nonetheless, I note that if I were to consider the substance of his request, it would fail. Defendant appears to suggest that his counsel was ineffective for failing to pursue resentencing after additional assistance rendered in 2012, well after these proceedings had concluded. The plea letter, however, clearly indicated that the Government retained discretion with respect to the subject portion of the plea agreement, and advised Defendant that the ultimate sentencing decision lay with the Court; further, the Government filed a sealed motion, also discussed at the sentencing hearing, that resulted in a sentence below the guideline range. In other words, Defendant has not averred that the Government failed to live up to its obligations. Accordingly, Defendant's contentions would fail under all potentially applicable standards.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) jurists of reason would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Under these standards, no certificate of appealability shall issue.

## ORDER

AND NOW, this 7th day of April, 2016, Defendant's Motion to Vacate is DENIED. His remaining Motions are likewise DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court